IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-02-210 |
| | § | C.A. No. C-03-190 |
| DAVID GUADARRAMA-RAMIREZ, | § | |
| | § | |
| Defendant-Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
"MOTION FOR SENTENCING ADJUSTMENT"**

On August 1, 2005, the Clerk's office received a motion from Defendant David Guadarrama-Ramirez ("Guadarrama") titled as a "Motion for Sentencing Adjustment." (D.E. 38). In it, Guadarrama explains that he was sentenced by this Court to 120 months and is currently serving his term in the custody of the Bureau of Prisons. Because of his status as a deportable alien, he contends that he is ineligible to serve any portion of his sentence in a minimum security facility, half-way house, or other community custody program. He claims that his ineligibility for these benefits results in "unusual harsh collateral consequences" for him that are sufficient grounds for a downward departure under the sentencing guidelines.

Specifically, he argues that he faces a more severe sentence than United States citizens who committed the same offense and received the same guideline sentence as he did. He also contends that his lack of United States citizenship will result in him being

1

further incarcerated in an INS detention facility while awaiting deportation, thereby effectively extending his incarceration.

Guadarrama asks that the Court grant him a downward departure and reduce his sentence by 10%. He also states that he will stipulate to his own deportation and asks that the Court award a one-level downward departure from his base offense level as a result of this offered stipulation.

As discussed herein, the Court construes Guadarrama's motion as a motion to reduce sentence. For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On July 18, 2002, Guadarrama was charged in an indictment with one count of possession with intent to distribute approximately 13 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 1). Guadarrama signed a plea agreement on September 3, 2002, and the guilty plea was announced to the Court on the same date. (D.E. 7) (D.E. 9)(signed copy of the plea agreement).

Guadarrama was sentenced on November 22, 2002 to the statutory minimum sentence, 120 months imprisonment, followed by a five-year term of supervised release, as well as a $100 special assessment. (D.E. 18). Judgment of conviction was entered November 27, 2002. (D.E. 19).

Guadarrama did not appeal his conviction. Instead, he filed a timely § 2255 motion on May 22, 2003. (D.E. 22). After holding an evidentiary hearing, the Court denied the

§ 2255 motion in an order entered March 5, 2004. (D.E. 35, 36). Final judgment was entered the same day. (D.E. 37). Guadarrama did not appeal. The Clerk received the motion now pending before the Court on August 1, 2005. (D.E. 38).

## II. ANALYSIS

**A.     Characterization of Motion**

At the outset, the Court is tasked with determining how to construe Guadarrama's motion, adhering to the principle that *pro se* pleadings are to be construed liberally. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996). Guadarrama does not ask for relief pursuant to 28 U.S.C. § 2255. Moreover, he is not challenging his conviction or sentence on the grounds that it was improper, nor does he assert cognizable grounds for relief under 28 U.S.C. § 2255. Instead, he is asking for a reduction in sentence based on the fact that the BOP deems him ineligible for certain benefits because of his status as a deportable alien.[1]

Particularly in light of the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003), the Court declines to construe Guadarrama's motion as a § 2255 motion. Cf. Castro, 124 S. Ct. at 792 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). Rather than construing his motion as a § 2255 motion, then, the Court construes

---

[1] In any event, any § 2255 motion filed by Guadarrama likely would be second or successive, and he has not sought permission from the Fifth Circuit to file it.

3

it as a motion to reduce sentence pursuant to 18 U.S.C. § 3582.

**B.     Motion for Reduced Sentence**

Having determined that Guadarrama's motion is properly construed as a motion for reduction of sentence, it is clear that he has not stated grounds entitling him to relief.  This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c). Guadarrama fails to assert grounds for modification that fall into any of the categories above.  Thus, this Court is without authority to reduce his sentence.

Moreover, it is worth noting that his substantive claim is without merit and thus, even if he had asked for similar relief at sentencing, it would not have been granted.  At the time Guadarrama was sentenced, the then-mandatory sentencing guidelines advised that a downward departure on the ground that the defendant is a deportable alien, while permissible, would be proper only in the extraordinary case, and such cases were

considered "highly infrequent." See United States v. Garay, 235 F.3d 230, 232-33 & n.8 (5th Cir. 2000); United States v. Foote, 2001 WL 671465, *3-*4 (N.D. Tex. 2001)(rejecting argument by § 2255 movant that his counsel should have moved for downward departure); cf. United States v. Maldonado, 242 F.3d 1, 4-5 (1st Cir. 2001)("a deportable alien who commits a crime is still within the 'heartland' of the guidelines"; "the common facts of a long sentence and likely deportation" do not by themselves make a case extraordinary such as to warrant a downward departure).  In short, Guadarrama's argument fails.  He is not entitled to any reduction in sentence based on his status as a deportable alien.

### III.  CONCLUSION

For the foregoing reasons, Guadarrama's "Motion for Sentencing Adjustment" (D.E. 38) is construed as a motion to reduce sentence under 18 U.S.C. § 3582, and is DENIED.

It is so ORDERED this 10th day of August, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE